1  **Todd M. Friedman (216752)**
2  **Adrian R. Bacon (280332)**
   **Law Offices of Todd M. Friedman, P.C.**
3  **21550 Oxnard St., Suite 780**
   **Woodland Hills, CA 91367**
4  **Phone: 877-206-4741**
5  **Fax: 866-633-0228**
   **tfriedman@toddflaw.com**
6  **abacon@toddflaw.com**
7  *Attorneys for Plaintiff, Tyse Swendseid, and all others similarly situated*

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10
11  TYSE SWENDSEID, individually,        Case No.
    and on behalf of other members of
12  the general public similarly situated,  **CLASS ACTION COMPLAINT**

13              Plaintiff,               (1)  Violation of Unfair Competition
                                              Law (Cal. Business & Professions
14       vs.                                  Code §§ 17200 *et seq.*)
                                         (2)  Violation of Fair Debt Collection
15  CADDIS FUNDING, LLC,                      Act (15 U.S.C. §1692, *et seq.*)
                                         (3)  Violation of The Rosenthal Fair
16              Defendant.                    Debt Collection Practices Act, *Cal.
                                              Civ. Code* §§1788, et seq.
17
18                                       **Jury Trial Demanded**
19
20
21
22
23
24
25
26
27
28

Plaintiff Tyse Swendseid ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this class action Complaint against Defendant CADDIS FUNDING, LLC (hereinafter "Defendant") to stop Defendant's practice of illegally representing the rights and obligations of alleged debts that it purchases and to obtain redress for a class of consumers ("Class Members") who were subject to Defendant's false and misleading debt collection practices, within the applicable statute of limitations period.

2.      Defendant is a corporation with its state of incorporation in South Carolina and is engaged in the business of purchasing and collecting on alleged debts.

3.      Defendant misrepresents that it is the rightful assignee of judgment debts and is legally allowed to collect on these alleged debts without having the authorization to do so.

4.      Defendant's misrepresentations to Plaintiff and others similarly situated caused them to provide funds to Defendant, which Plaintiff and others similarly situated would not have provided absent these misrepresentations by Defendant and its employees. In so doing, Defendant has violated California consumer protection statutes, including the Unfair Competition Law.

5.      Plaintiff also brings class action claims against Defendant, under the Federal Fair Debt Collection Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), which was enacted to "eliminate abusive debt collection practices by debt collectors," and to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." 15 U.S.C. 1692(e); *Cal. Civ. Code* §1788.1(b).

## JURISDICTION AND VENUE

6.     This class action is brought pursuant to Federal Rule of Civil Procedure 23.

7.     This matter is properly venued in the United States District Court for the CENTRAL District of California, in that Defendant attempted to collect an alleged debt from Plaintiff in his home in Santa Barbara County. Plaintiff resides in the CENTRAL District of California and Defendants do business, inter alia, in the CENTRAL District of California.

8.     The Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

9.     In the case at bar, there are at least 100 members in the proposed Class and Sub-classes.  However, Plaintiff is unaware of the aggregate total claims of the proposed Class.  Thus, at this stage, it is unknown whether the claims of the class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs.

## THE PARTIES

10.     Plaintiff Tyse Swendseid is a citizen and resident of the State of California, County of Santa Barbara.

11.     Defendant CADDIS FUNDING, LLC is a Limited Liability company incorporated in South Carolina.

12.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable

to, Defendants and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendants' employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendants.

13.    Plaintiff is informed and believes, and thereon alleges, that said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

14.    At all relevant times, Defendants ratified each and every act or omission complained of herein.  At all relevant times, Defendants, aided and abetted the acts and omissions as alleged herein

15.    Plaintiff is a natural person residing in the State of California who is obligated or allegedly obligated to pay a debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing, thereby rendering him a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and a "debtor" under the RFDCPA, *Cal. Civ. Code* §§1788.2(h).

16.    Defendant is a company that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts. Defendant, in the ordinary course of business, regularly, on behalf of another, engages in debt collection, thereby qualifying it as a "debt collector," under the FDCPA, 15 U.S.C. §1692a(6) and the RFDCPA, *Cal. Civ. Code* §1788.2(c).

17.    The debts Defendant attempted to collect from Plaintiff and putative class members qualify as a "debt," as defined by 15 U.S.C. §1692a(5) and as a "consumer debt(s)," under the RFDCPA, *Cal. Civ. Code* §1788.2(f).

CLASS ACTION COMPLAINT

**PLAINTIFF'S FACTS**

18.     In or around December of 2007, a third party, CSGA, LLC obtained a default judgment against Plaintiff.

19.     Between December of 2009 and July of 2013, Plaintiff received multiple collection letters from four different creditors, each claiming at they owned the judgment.

20.     In or around May 30, 2016 Plaintiff received a collection letter from Defendant claiming that assignment of judgment has been transferred from CSGA, LLC to Defendant.

21.     On or around June 28, 2016, Plaintiff sent a Cease & Desist Letter to Defendant to stop contacting Plaintiff and to verify the alleged debt.

22.     On or around August 12, 2016 Defendant sent Plaintiff a Bill of Sale and Assignment indicating that Defendant purchased the judgment and became the assignee of the judgment on August 24, 2015 from third party DRS Acquisitions, LLC. However, the Bill of Sale did not even identify Plaintiff's specific judgment.

23.     Instead, the Bill of Sale tracked the ownership of judgments from December of 2007 to August of 2015. The Bill of Sale stated that the judgment was originally recorded by CSGA, LLC in December of 2007 and then changed ownership to these companies on the listed dates:

       1) DRS Acquisitions, LLC on December 21, 2009;

       2) LPI on January 10, 2010;

       3) DRS, LLC on November 10, 2011;

       4) DRS Acquisitions, LLC on July 11, 2013;

       5) LVNV Funding, LLC on April 29, 2016; and,

       6) Caddis Funding, LLC

24.     The Colclough Law Firm also sent Plaintiff a different Bill of Sale

that indicated different owners of judgments. This was listed as follows:

          1) CSGA, LLC prior to December 30, 2008;

          2) Whitecap (US) Fund I, IP on December 30, 2008;

          3) DRS Acquisition, LLC on December 30, 2008;

          4) Caddis Funding, LLC on August 24, 2015.

25. However, third party DRS Acquisitions, LLC had its status canceled as a corporations since June of 2014, about a year prior to the transfer of the judgment to Defendant.

26. In relevant part, California Code of Civil Procedure Section 673(a) states, "An assignee of a right represented by a judgment may become an assignee of record by filing with the clerk of the court which entered the judgment an acknowledgment of assignment of judgment." However, CSGA, LLC could not have assigned the judgment to Defendant, since CSGA, LLC was suspended at the time. According to information and belief, the "assignment of judgement" was fraudulent and illegally signed by Mr. Brice Smith, director of Caddis, as limited power of attorney on behalf of CSGA, LLC.

27. In fact, by attempting to collect on the alleged debt when CSGA, LLC's status was suspended, Defendant has violated California Revenue and Taxation Code Section 19719(a), which states, in relevant part, "Any person who attempts or purports to exercise the powers, rights, and privileges of a corporation that has been suspended pursuant to Section 23301… the rights and privileges of which have been forfeited pursuant to the section, is punishable by a fine of not less than two hundred fifty dollars ($250) and not exceeding one thousand ($1,000), or by imprisonment not exceeding one year, or both fine and imprisonment." *See also* Cal-Western Bus. Services, Inc. v. Corning Capital Group, 2013 WL5936628 (Cal.App.Dist. 2, Nov. 6, 2013) (holding that an assignee of a corporation "lacked the legal capacity to sue to enforce the

Judgment as the assignee of a corporation that was suspended at the time of the assignment and remained suspended at the time of the [] suit.") Similarly, Defendant violated this provision in attempting to collect on the alleged debt when DRS Acquisitions, LLC's corporate status  was also suspended, who sold the debt to Caddis and claimed ownership over it.

28.    However, despite the above, on or around November 1, 2016, Defendant obtained a writ of execution and accrued interest against Plaintiff on the alleged debt in the Superior Court for the County of Ventura.

29.    In addition, Defendant had no basis to obtain a writ of execution and accrued interest from Plaintiff in the superior court of the Ventura county when Plaintiff was residing and has been residing in the county of Santa Barbara.

30.    The offices of Robert J. Colclough sent Plaintiff two collection letters around the same time that indicated two different companies as creditors, Defendant and LVNV Funding, LLC. As a result, Plaintiff is informed, believes and thereupon alleges that Defendant resold Plaintiff's judgment to multiple creditors.

31.    Plaintiff felt systematically and purposefully preyed upon, misled, taken advantage of, deceived, swindled, ripped off and cheated by Defendant, for Defendant attempting to collect on a judgment, with interest, that Defendant was not authorized to collect on.  Plaintiff believes that Defendant will continue its action of attempting to collect amounts from Plaintiff and others that are not owed, unless Defendant's practices are halted by way of an injunction.

32.    As a result of Defendant's fraudulent practices, described herein, Plaintiff has suffered emotional distress, wasted time, loss of sleep, depression, and anxiety.  Plaintiff also has been subjected to collection efforts to collect an amount of money from Plaintiff that he does not owe.  Plaintiff has suffered a restitutionary harm in so far as Defendant initiated legal action and obtained a

CLASS ACTION COMPLAINT

judgment against Plaintiff to recover these amounts not owed.  Plaintiff brings this case to prevent Defendant from taking such action, and to preserve his rights, to recover these amounts, through billing credits and/or equivalent monetary compensation that will offset these improperly billed sums of money.

33.    Plaintiff alleges on information and belief that Defendant collects from consumers, similarly situated to Plaintiff, on alleged debts that it is not authorized to collect on. Plaintiff asserts that this practice constitutes a fraudulent misrepresentation of a material fact relating to its services, that would be important to a reasonable consumer to know.

34.    Such debt collection tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

35.    Defendants expressly represented to Plaintiff, through written statements, the price of its products and services.

36.    Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to provide Defendant funds that Defendant was not entitled to obtain.

37.    Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

38.    Defendant's conduct is inherently deceptive and misleads the least-sophisticated consumer.

39.    Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead debtors and consumers into making payments on debts that are not owed.

## CLASS ACTION ALLEGATIONS

40.    Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

41.    The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, Defendant attempted to collect an alleged debt from that it purchased from a corporation that was not in good standing with the secretary of state.

42.    Plaintiffs also represents, and is a member of the following class:

> All persons residing in the State of California, who, within the one (1) year preceding the filing of the Complaint in this action, received collection correspondence from Defendant that attempted an alleged debt from that it purchased from a corporation that was not in good standing with the secretary of state.

43.    As used herein, the term "Class Members" shall mean and refer to the members of the Classes described above.

44.    Excluded from the Class is Defendant, its affiliates, employees, agents, and attorneys, and the Court.

45.    Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

46.    Upon information and belief, the proposed class is composed of thousands of persons.  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

47.    No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

48.    Rather, all claims in this matter arise from the identical, false, affirmative representations of the services, when in fact, such representations were false.

49.    There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but

CLASS ACTION COMPLAINT

not limited to:

    (a)   Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Alleged debts to Plaintiff and other Class Members;

    (b)   Whether Defendants made misrepresentations with respect to the Alleged debts sold to consumers;

    (c)   Whether Defendants profited from both the sale of the telephones and the advertised green base;

    (d)   Whether Defendants violated California Bus. & Prof. Code § 17200, *et seq*. and California Bus. & Prof. Code § 17500, *et seq*.;

    (e)   Whether, within the one (1) year preceding the filing of this Complaint, Defendant sent collection letters to debtors and consumers on to collect unauthorized funds;

    (f)   Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

    (g)   Whether Defendants' unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

    (h)   The method of calculation and extent of damages for Plaintiff and Class Members.

50.   Plaintiff is a member of the classes she seeks to represent

51.   The claims of Plaintiff are not only typical of all class members, they are identical.

52.   All claims of Plaintiff and the class are based on the exact same legal theories.

53.   Plaintiff has no interest antagonistic to, or in conflict with, the class.

54.   Plaintiff is qualified to, and will, fairly and adequately protect the

CLASS ACTION COMPLAINT

interests of each Class Member, because Plaintiff bought Alleged debts from Defendants during the Class Period.   Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced.  Plaintiff's claims are typical of all Class Members as demonstrated herein.

55.    Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

56.    Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
## Violation of Unfair Business Practices Act
## (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)
## [On Behalf of Plaintiff and the Class]

57.    Plaintiff incorporates by reference each allegation set forth above.

58.    Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.   A plaintiff is required to provide evidence of a causal connection between a defendants' business practices and the alleged harm--that is, evidence that the defendants' conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the Defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

59.    California Business & Professions Code § 17200 prohibits any

CLASS ACTION COMPLAINT

"unfair . . . business act or practice."   Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.   There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.   Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.   Such conduct is ongoing and continues to this date.

60.   In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

61.   Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.   Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to obtain judgments that it was not authorized to collect on.   Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

62.   Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer.   Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

63.   Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided.

64.   Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

CLASS ACTION COMPLAINT

**FRAUDULENT**

65.    California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

66.    The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

67.    Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant.

68.    As explained above, Defendant deceived Plaintiff and other Class Members by representing the alleged debts as being ones that Defendant could collect on.

69.    Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

70.    California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

71.    As explained above, Defendant deceived Plaintiff and other Class Members by representing the alleged debts as being ones that Defendant could collect on.

72.    Defendant used false misrepresentations to induce Plaintiff and Class Members to purchase the alleged debts.

73.    These representations by Defendant is therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

74.    Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.   Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions

## SECOND CAUSE OF ACTION

### Violation of the Federal Fair Debt Collection Practices Act

### [On Behalf of Plaintiff and the Class]

75.    Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

76.    Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

(a)    Falsely representing the character, amount, or legal status of Plaintiff's debt (§ 1692e(2)(A));

(b)    Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10);

(c)    Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f);

(d)    Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1));  and,

(e)    Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1)).

77.    As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, actual damages and reasonably incurred attorney's fees and costs.

CLASS ACTION COMPLAINT

1

2

3

**THIRD CAUSE OF ACTION**

**Violation of Rosenthal Fair Debt Collection Practices Act**

**[On Behalf of Plaintiff and the Sub-Class]**

4

5

78.     Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

6

7

8

9

10

11

12

13

14

79.     Pursuant to §1788.17 of the RFDCPA: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001." *Cal. Civ. Code* §1788.17

15

16

80.     Thus by engaging in conduct prohibited by Sections e(2)(A), e(10), f, and f(1) of the FDCPA, Defendant violated the RFDCPA.

17

18

19

20

81.     As a direct proximate result of Defendant's conduct, Plaintiffs and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, actual damages and reasonably incurred attorney's fees and costs. *Cal. Civ. Code* §1788.30.

21

**MISCELLANEOUS**

22

23

24

25

82.     Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or that all such obligations or conditions are excused.

26

**REQUEST FOR JURY TRIAL**

27

83.     Plaintiff requests a trial by jury as to all claims so triable.

28

CLASS ACTION COMPLAINT

# PRAYER FOR RELIEF

84.     Plaintiff, on behalf of himself and the Class, requests the following relief:

      (a)    An order certifying the Class and appointing Plaintiff as Representative of the Class;

      (b)    An order certifying the undersigned counsel as Class Counsel;

      (c)    An order requiring CADDIS FUNDING, LLC, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

      (d)    Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the alleged debts during the relevant class period;

      (e)    Punitive damages, as allowable, in an amount determined by the Court or jury;

      (f)    Any and all statutory enhanced damages, including, but not limited to for statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to the FDCPA

      (g)    Any and all statutory enhanced damages, including, but not limited to for statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to the RFDCPA.

      (h)    All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

      (i)    Pre- and post-judgment interest; and

      (j)    All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

CLASS ACTION COMPLAINT

1

2    Dated:  March 13, 2017            Respectfully submitted,

3                                      LAW OFFICES OF TODD M. FRIEDMAN, PC

4

5                                      By: /s Todd M. Friedman

6                                          Todd M. Friedman, Esq.
                                           TODD M. FRIEDMAN, ESQ.
7
                                       Attorney for Plaintiff Tyse Swendseid
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT